## CLEMMINGS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 10, 1926.)

No. 6902.

Army and Navy ⊙⟳20 — Government charging violation of Draft Act, held to have burden to show county named was actual legal residence of defendant on June 5, 1917, and to have failed to maintain such burden (Selective Draft Act, § 5 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2044e]; Proclamation of President May 18, 1917 [40 Stat. 1665]).

Where indictment charged that defendant failed to present himself for registration in K. county, under Selective Draft Act, § 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2044e), and Proclamation of the President May 18, 1917 (40 Stat. 1665) government had burden to show that such county was his actual place of legal residence on that date.

In Error to the District Court of the United States for the District of Minnesota transferred from the Supreme Court of the United States; Page Morris, Judge.

Grover E. Clemmings was convicted of failure to present himself for registration on June 4, 1917, and he brings error. Reversed and remanded.

John E. Stevens, of Minneapolis, Minn. (William M. Nash and Chester L. Nichols, both of Minneapolis, Minn., on the brief), for plaintiff in error.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and YOUMANS, District Judge.

KENYON, Circuit Judge. Plaintiff in error was indicted, tried, and convicted in the District Court of the United States for the District of Minnesota upon an indictment charging that he failed to present himself for registration on the 5th day of June, A. D. 1917, at the village of Ranier, in the county of Koochiching, in the state and district of Minnesota, and "did then and there wrongfully and unlawfully willfully fail and refuse to register," as required by section 5 of the Act of Congress approved May 18, 1917, commonly known as the "Selective Draft Law" (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2044e), and the Proclamation of the President of the United States of May 18, 1917, designating June 5, 1917, as registration day under the act.

At the close of the evidence of the government plaintiff in error moved for an instructed verdict in his favor on a number of grounds, one of which was that the evidence did not sustain the alleged crime charged in the indictment. This motion was overruled. Section 5 of the Act of May 18, 1917 (40 Stat. pp. 76, 80), provides in part as follows:

"That all male persons between the ages of twenty-one and thirty, both inclusive, shall be subject to registration in accordance with regulations to be prescribed by the President; and upon proclamation by the President or other public notice given by him or by his direction stating the time and place of such registration it shall be the duty of all persons of the designated ages, except officers and enlisted men of the Regular Army, the Navy, and the National Guard and Naval Militia while in the service of the United States, to present themselves for and submit to registration under the provisions of this act; and every such person shall be deemed to have notice of the requirements of this act upon the publication of said proclamation or other notice as aforesaid given by the President or by his direction; and any person who shall willfully fail or refuse to present himself for registration or to submit thereto as herein provided, shall be guilty of a misdemeanor and shall, upon conviction in the District Court of the United States having jurisdiction thereof, be punished by imprisonment for not more than one year, and shall thereupon be duly registered."

Section 5 also provides:

"That, in the case of temporary absence from actual place of legal residence of any person liable to registration as provided herein, such registration may be made by mail under regulations to be prescribed by the President."

The proclamation of the President issued in pursuance of this act (40 Stat. vol. 2, p. 1665) provides:

"And I do further proclaim and give notice to all persons subject to registration in the several states and in the District of Columbia in accordance with the above law that the time and place of such registration shall be between 7 a. m. and 9 p. m. on the 5th day of June, 1917, at the registration place in the precinct wherein they have their permanent homes."

And as to those who are absent from their permanent homes, as follows:

"Those who expect to be absent on the day named from the counties in which they have their permanent homes may register by mail, but their mailed registration cards must reach the places in which they have their permanent homes by the day named herein."

Under section 5 of the act as above quoted, and the portion of the proclamation of the President set forth herein, it was the duty of the plaintiff in error to present himself for registration, and register at the actual place of his legal residence, which, under the proclamation of the President, was the precinct wherein he had his permanent home. If temporarily absent from the county of his permanent home on the day of registration he could register by mail in the manner provided by the act and the proclamation of the President.

Under the indictment the burden was on the government to show, among other matters, that Koochiching county, Minn., was the actual place of legal residence of plaintiff in error on June 5, 1917, the date provided in the proclamation of the President for registration. Edwards v. United States (C. C. A.) 7 F.(2d) 357. The evidence totally fails to sustain that essential ingredient of the alleged crime. It appears from the evidence that plaintiff in error was in that county near the time for registration, but that he was there merely temporarily, working on some land owned by his father; that he came back later in the year to the same land on a hunting trip, and the evidence is rather conclusive that his stay in Koochiching county was merely temporary, and that his legal residence and permanent home was Minneapolis.

The court in its instructions took the view that all that was necessary for the government to prove as to registration was that the plaintiff in error failed to register on the day provided by the proclamation of the President. The court said: "All this man had to do was to simply register—that is all. What this man is accused of is failing to register on that day. The question for you to ask yourself is whether he did fail to register on that day—that is all there is to the case."

As we have pointed out, however, that was not all the government had to prove. It was the duty of the plaintiff in error under this evidence to register at Minneapolis, and not at the place stated in the indictment, and the government did not prove its case, even had it shown that the plaintiff in error did not register at Minneapolis. He was not on trial for that offense, nor for failure to register in the manner provided for those who were temporarily absent from their legal residence.

The motion made by plaintiff in error at the close of the government's testimony should have been sustained. The evidence is totally insufficient to warrant conviction of the crime charged in the indictment.

The judgment is therefore reversed, and the case remanded.